JOHNNIE A. JAMES, CA Bar No. 144091
johnnie.james@ogletree.com
MAZEN I. KHATIB, CA Bar No. 306263
mazen.khatib@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
U.S. RENAL CARE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIZA YEGHIAZARYAN,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. RENAL CARE, INC.; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**DEFENDANT U.S. RENAL CARE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Mazen I. Khatib and Sarah Temple in Support of Removal]___<br><br>Complaint Filed: March 2, 2021<br>Trial Date: None<br>District Judge: Hon. _____<br>            Courtroom ___, _____<br>Magistrate Judge: Hon. _____<br>            Courtroom ___, _____ |

46398746_1.docx

Case No. _____
DEFENDANT U.S. RENAL CARE, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF LUIZA YEGHIAZARYAN AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant U.S. Renal Care, Inc. ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446.  In support of such removal, Defendant states as follows:

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute: 28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS AND PROCESS ORDERS

2. On or about March 2, 2021, Plaintiff Luiza Yeghiazaryan ("Plaintiff") commenced this action by filing an unverified Complaint in the Superior Court of California for the County of Los Angeles, entitled Luiza Yeghiazaryan v. U.S. Renal Care, Inc. and Does 1-100, inclusive, bearing the case number 21STCV08131 (the "Action" or "Complaint").  Declaration of Mazen I. Khatib (Khatib Decl.), ¶ 2 & Ex. A.

3. The Complaint asserts the following six causes of action: 1) breach of express oral contract not to terminate employment without good cause; 2) breach of implied-in-fact contract not to terminate employment without good cause; 3) negligent hiring, supervision, and retention; 4) whistleblower retaliation in

violation of Labor Code Section 1102.5; 5) wrongful termination in violation of public policy; and 6) intentional infliction of emotional distress.  The Complaint includes a Demand for Jury Trial.

4. Defendant was served with the Summons and Complaint on March 4, 2021.  Khatib Decl., ¶ 4 & Ex. C. Defendant was also served with the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, First Amended General Order, and related documents.  A true and correct copy of the Summons; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Assignment; First Amended General Order, and the related documents are attached as **Exhibit "B"** to the declaration of Mazen Khatib in support of this Notice of Removal.  Khatib Decl., ¶ 3 & Ex. B.

5. On March 15, 2021, Defendant filed its Answer to Complaint in Los Angeles County Superior Court.  Khatib Decl., ¶ 5 & Ex. D.

6. On or about March 16 and 17, 2021, Defendant filed a peremptory challenge pursuant to California Rule of Civil Procedure Section 170.6. Khatib Decl., ¶ 6 & Ex. E. The Superior Court subsequently issued Notices of Case Reassignment. Khatib Decl., ¶ 7 & Ex. F.

7. As set out more fully below, this Action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. §§ 1332(a), 1441(a) and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000.

I. **THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

8. In accordance with 28 U.S.C. §1446(a), this Notice is filed in the District Court in which the action is pending.  The Superior Court for the County of Los Angeles is located within the Central District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. §84(c)(3) because it is the "district and

division embracing the place where such action is pending." 28 U.S.C. §1441(a); *see also* 28 U.S.C. § 84(c) (describing the Central District of California as including Los Angeles County).

9. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

10. In accordance with 28 U.S.C. §1446(b), Defendants' Notice of Removal was filed within 30 days after the March 4, 2021 service of the Complaint on Defendant.

11. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles.  Notice of Compliance shall be filed promptly thereafter with this Court.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. §1332(a).  As set forth below, Plaintiff's claim, as alleged in her Complaint, is removable under 28 U.S.C. §1332(a) (diversity of citizenship).

### A. Diversity of Citizenship Requirement is Established

#### 1. Plaintiff Is An Individual And A Citizen Of California

13. For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also*

1  *State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519-20 (allegation by party in state court
2  Complaint of residency created a presumption of continuing residence in [state] and
3  put the burden of coming forward with contrary evidence on the party seeking to
4  prove otherwise).

5      14.    Plaintiff alleges she was employed by Defendant within the County of
6  Los Angeles from September 2019 through the end of her employment. Complaint,
7  ¶¶ 8, 11. Plaintiff's address, according to Defendant's personnel records, is in
8  Panaroma City, in Los Angeles county, California. Declaration of Sarah Temple
9  ("Temple Decl."), ¶ 5. Therefore, Plaintiff was domiciled in the State of California,
10 County of Los Angeles. Accordingly, Plaintiff is a citizen of the State of California
11 for purposes of this removal.

        **2.    Defendant Is A Delaware Corporation and not a Citizen of California**

15.    A corporation's citizenship is determined by its state of incorporation and principal place of business. 28 U.S.C. §1332(c)(1). The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184.

16.    Defendant is now, and ever since this action commenced has been, incorporated under the laws of Delaware. Temple Decl., ¶ 3.

17.    Further, at all relevant times, Defendant's high-level officers direct, control, and coordinate the corporation's activities from Plano, Texas. None of Defendant's high-level officers are located in the state of California, nor do they direct Defendant's activities from California. Temple Decl., ¶¶ 3-4.

18.    Defendant's officers direct, control, and coordinate the corporation's activities from offices based in Plano, Texas. Temple Decl., ¶¶ 3-4. Additionally,

1  Defendant's administrative functions, such as payroll, benefits administration, and
2  finance are conducted in Plano, Texas.  None of Defendant's corporate
3  administrative functions are performed in the state of California.  Temple Decl., ¶ 4.
4  Thus, Defendant is a citizen of the state of Delaware and Texas, its principal place of
5  business.  Defendant is therefore not a citizen of the State of California.

6        19.    Although Plaintiff has named "Doe" defendants, the citizenship of
7  fictitiously-named "Doe" defendants is disregarded for purposes of removal.
8  28 U.S.C. § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.
9  1987).

10        20.    As Plaintiff and Defendant are citizens of different states under the
11  applicable legal standards, complete diversity exists in this case.

12      B.    **The Amount-in-Controversy Requirement is Satisfied**

13        21.    The Federal Court's Jurisdiction and Venue Clarification Act of 2011
14  ("JVCA"), which applies to state and federal lawsuits commenced on or after
15  January 6, 2012, defines the standard for showing the amount in controversy.
16  Pub. L. 112-63, Title II, § 205.

17        22.    Under the JVCA, Congress clarified that the *preponderance of the*
18  *evidence* standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep.
19  112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in
20  controversy requirement has been met").  28 U.S.C. § 1446(c)(2)(A) provides, in
21  relevant part, that "the notice of removal may assert the amount in controversy if the
22  initial pleading seeks … a money judgment, but the State practice … permits
23  recovery of damages in excess of the amount demanded."  Under these
24  circumstances, "removal of the action is proper on the basis of an amount in
25  controversy … if the district court finds, by the preponderance of the evidence, that
26  the amount in controversy exceeds the amount specified in section 1332(a)," or
27  $75,000. 28 U.S.C. § 1446(c)(2)(B).  Accordingly, a removing defendant must
28

5    Case No. _____
DEFENDANT U.S. RENAL CARE, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

46398746_1.docx

1  demonstrate that the amount in controversy is more than $75,000 by a preponderance
2  of the evidence, not to a legal certainty.

3    23.   The United States Supreme Court held that, "as specified in §1446(a), a
4  defendant's notice of removal need include only a *plausible allegation* that the
5  amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin
6  Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) (emphasis added).  The Ninth
7  Circuit has also rejected application of the legal certainty standard for removals.  *See
8  Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A
9  defendant seeking removal … must demonstrate, by a preponderance of evidence,
10 that the aggregate amount in controversy exceeds the jurisdictional minimum").

11   24.  A defendant meets this burden when, as here, a plaintiff alleges on the
12 face of the complaint that damages exceed the requisite amount in controversy.
13 *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001
14 (C.D. Cal. March 29, 2002).  "In measuring the amount in controversy, a court must
15 "assum[e] that the allegations of the complaint are true and assum[e that] a jury
16 [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Id.*

17   25.  Even where there is no amount in controversy alleged in the Complaint,
18 the burden is relatively low and a defendant may rely on plaintiff's allegations,
19 which are assumed to be true, and provide supplementary facts or numbers upon
20 which the amount in controversy can reasonably be calculated.  *See Korn v. Polo
21 Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. Feb. 27, 2008) ("In
22 addition to the contents of the removal petition, the court considers 'summary-
23 judgment-type evidence relevant to the amount in controversy at the time of
24 removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.,* 408 F.
25 Supp. 2d 982, 986 (S.D. Cal. Oct. 14, 2005) (allowing the use of "Defendant's own
26 numbers" for "purposes of analyzing the amount in controversy").  Such calculations
27 are more than sufficient to establish the amount in controversy.  *See Rippee*, 408 F.
28 Supp. 2d at 986 ("The amount of overtime claims in controversy can … be

calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

26. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

27. In her Complaint, Plaintiff seeks economic damages including past and future lost wages, benefits, damage to her career, penalties and interest on unpaid wages. Plaintiff also seeks non-economic damages, arising from emotional distress, including purported humiliation and mental and physical pain and anguish, as well as punitive damages and attorneys' fees. (Complaint, ¶¶ 12-16, 21, 25-26, 29, 35-38, 41-44, 48-50 and Prayer for Relief.)

28. **Plaintiff's Potential Back Pay and Front Pay Claims Are Estimated To Place $364,167 In Controversy.** In her Complaint, Plaintiff alleges that she has suffered and continues to suffer losses in earnings and other employment benefits and damages to her career, as a direct and proximate result of Defendant's alleged actions. Complaint, ¶¶ 13, 21, 25, 29, 35 and Prayer for Relief subpart 1. Plaintiff alleges she was terminated effective January 7, 2020. Complaint, ¶ 11. Hence, Plaintiff puts at issue at least 14 months of lost income to date (at the time of Removal). Plaintiff earned an annual salary of $115,000.08. Temple Decl., ¶ 5. As

such, although Defendant denies Plaintiff is entitled to recover any such damages, if Plaintiff is able to recover back wages from her alleged last day worked to the present, the amount of that back pay for the period of 14 months following her termination alone would amount to approximately **$134,166.76** ($9,583.34 x 14). Hence, Plaintiff's potential back pay to date, standing alone, places more than $75,000 in controversy.

29.     Further, if the case proceeds to trial in March 2022, one year from removal, Plaintiff would presumably seek another 52 weeks of back pay, which would be an additional **$115,000.08**.  Combined, as of any trial one year after removal, Plaintiff will seek lost earnings of at least **$249,166.84** ($134,166.76 lost wages as of date of removal + $115,000.08 lost wages from date of removal to potential date of trial).

30.     In addition, front pay awards in California frequently span a number of years. *See, e.g., Bihun v. AT&T Information Systems, Inc.*, 13 Cal. App. 4th 976, 996-997 (1993) (upholding front pay award under the Fair Employment and Housing Act that compensated plaintiff for the remainder of his entire working life) (*disapproved on other grounds in Lakin v. Watkins Associated Indus.*, 6 Cal. 4th 644 (1993)); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement in discrimination matter); *Sercu v. Laboratory Corp. of America*, 2009 LEXIS109336, at *8 n.3. (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, 2007 LEXIS 43753, at *14 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also*, *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

31.     Even a modest award of one year of front pay would be **$115,000.08** in additional recovery. *See, Traxler v. Multnomah County*, 596 F.3d 1007, 1015 (9th

Cir. 2010) (upholding District Court's decision to award nearly four years front pay under the Family Medical Leave Act of 1993, in a wrongful termination suit); *see also*, *Glenn-Davis v. City of Oakland*, 2008 LEXIS 108283 at *11 (N.D. Cal. Feb. 12, 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. Sept. 2, 1986) (same); *Horsford v. Board Of Trustees Of California State University*, 132 Cal.App.4th 359, 389 (2005) (in a retaliation, discrimination, and wrongful termination action brought by three plaintiffs, the court upheld a front pay award that compensated one of the plaintiffs for two years); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F. 3d 785, 793-94 (9th Cir. 2018) ("if the law entitles [the party] to recoup those future wages if [he or she] prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [the party] will actually recover them.")

32. Accordingly, a reasonable estimate of Plaintiff's claims for back pay and front pay is at least **$364,166.92** ($249,166.84 as of date of likely trial + $115,000.08 lost future wages).

33. **<u>Plaintiff's Potential Emotional Distress Damages Far Exceed $75,000.</u>** Plaintiff also alleges that she suffered emotional distress as a result of Defendant's alleged conduct, and seeks damages for such emotional injury. Complaint, ¶¶ 14, 36, 41, 48-49 and Prayer for Relief subpart 1. While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy). A review of jury verdicts in California demonstrates that emotional distress awards in cases alleging the causes of action Plaintiff alleges here commonly exceed $75,000. See

9
Case No. _____
DEFENDANT U.S. RENAL CARE, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
46398746_1.docx

Khatib Decl. ¶ 8 & Ex. G. The following cases have resulted in emotional distress damages awards in excess of the $75,000 threshold:

- *Williams v. Wyndham Vacation Ownership*, 2016 WL 8114384 (San Francisco County Super. Ct.) **($1,300,000 in emotional distress damages** where plaintiff was terminated after complaining that company sales people were defrauding customers);

- *Gruzalski v. Federal Express Corp.*, No. BC512638, 2018 WL 7046807 (Los Angeles County Super. Ct.) **($225,000, $100,000, and $260,000 for pain and suffering** respectively for three plaintiffs bringing 1102.5 claims based on their complaints that defendant released unair-worthy and improperly repaired aircrafts to fly);

- *Saied, M.D. v. Centro Medico Communicty Clinic*, BC492856, 2017 WL 1223575 (Los Angeles County Super. Ct.) **($517,422, and 1,536,000 for pain and suffering** respectively to two plaintiffs where they alleged the clinic was operated without proper oversight from a licensed medical doctor);

- *Qui v. Three Rivers Provider Network Inc.*, 2019 WL 7762121 (San Diego County Super. Ct.) **($2,500,000 for pain and suffering** where plaintiff was terminated after first disclosing and later refusing to participate in illegal conduct);

- *Nolasco v. Scantibodies Laboratory Inc.*, 2016 WL 3857877 (San Diego County Super. Ct.) **($200,000, and 350,000 for pain and suffering** respectively to two plaintiffs who were terminated after complaining to the FDA that employer failed to comply with federal regulations regarding plasma collection);

- *Hernandez v. VMS Auto Body Collision Center Inc. et al*, BC717285, 2019 WL 8272669 (Los Angeles County Super. Ct.) **($1,350,000 for pain and suffering** where plaintiff complained about working in an

unsafe environment without personal protective equipment and about wage and hour violations of the labor code, ultimately leading to his termination);

- *Norman, PH.D v. Hanna Boys Center Inc.*, SCV260065, 2018 WL 5311339 (Sonoma County Super. Ct.) (award of **$500,000 for pain and suffering** to employee terminated shortly after complaining that the group home was not providing the boys a safe environment);
- *Willard v. Okonkwo*, BC459435, 2012 WL 7159847 (Los Angeles County Super. Ct.) **($226,250 for noneconomic damages** in retaliation case where plaintiff was terminated after refusing to complete fraudulent immigration paperwork at employer's behest).

34.  Plaintiff's allegation that Defendant terminated her employment as a result of retaliatory animus is similar to both the factual and legal issues raised in many of the cases above.  When measured in light of the allegations and damages awarded in the cases cited above, even from a conservatively measured standpoint, Plaintiff's prayer for emotional distress damages alone places at least $75,000 in controversy.

35.  **Plaintiff Further Claims Entitlement to Punitive Damages.**  In addition to the damages discussed above, Plaintiff seeks punitive damages. Complaint, ¶¶ 15, 34, 38, 43, 50 and Prayer for Relief subpart 2.  The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Romo v. FFG Ins. Co.,* 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction). For amount in

controversy purposes, the court must conclude that Plaintiff will prevail on her claim for punitive damages. *See*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. April 25, 1995) (amount in controversy includes potential recovery of punitive damages award).

36. Punitive damages may be substantial and in some cases even exceed the amount of compensatory damages. In fact, courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination cases. *See, e.g., Leggins v. Thrifty Payless Inc. D/B/A Rite Aid Corporation*, No. BC511139, 2015 Jury Verdicts LEXIS 7889 (Los Angeles County Sup. Ct.) (awarding $5,000,000 in punitive damages in case involving claims of age, disability and race harassment, discrimination, retaliation and wrongful termination, among other things); *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 Jury Verdicts LEXIS 40507 (Cal. Super. Ct. May 22, 2007) (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her disability leave). Further, in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process."

37. In *Leggins*, 2015 Jury Verdicts LEXIS 7889, the plaintiff alleged he was terminated in retaliation for making complaints and taking time off work relating to his disability. Accepting the plaintiff's facts, the jury awarded him 5 million dollars in punitive damages while compensatory damages totaled approximately 3.8 million dollars. *Id.*

38. Here, similar to the facts presented in the *Leggins* case, Plaintiff is alleging that Defendant retaliated against her based on her purported complaint about workplace safety and wrongfully terminated her employment. Therefore, in addition to Plaintiff's special and general damages discussed above, and, again, even from a

conservatively measured standpoint, each of Plaintiff's causes of action and her prayer for punitive damages demonstrate that the amount in controversy exceeds $75,000—even though Defendant has a legitimate non-retaliatory reason for its actions and defenses. *See Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 LEXIS 96563, at *13 (E.D. Cal. October 19, 2009) (finding that even a minimum award of punitive damages would satisfy the jurisdictional requirement).

39. **It Is More Likely Than Not That Attorneys' Fees For Bringing A FEHA Claim to Trial Exceed $75,000.** Plaintiff seeks an award of attorneys' fees. Complaint, ¶¶ 16, 26, 37, 44 and Prayer for Relief subpart 4. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Haase*, 2009 LEXIS 96563, at *13-14 ("because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy").

40. The Court may consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. July 12, 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

41. In employment cases, fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *See Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. July 2, 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination

cases often exceed the damages"); *see also Akers v. Cnty. of Los Angeles*, 95 Cal. App. 4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 06CV05356 (SI), 2008 Jury Verdicts LEXIS 33867 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a single plaintiff case).

42. Thus, Defendant conservatively estimates that Plaintiff's attorneys' fees in this matter are likely to cause Plaintiff's alleged damages to far exceed the jurisdictional minimum of $75,000.

43. **The Amount In Controversy Exceeds $75,000.** When Plaintiff's potential emotional distress damages, and attorneys' fees are added to Plaintiff's alleged lost wages, it is further evidence that, "more likely than not," the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996), *opinion amended and superseded on denial of reh'g*, 102 F.3d 398 (9th Cir. 1996).[1] Since diversity of citizenship exists between the Plaintiff and Defendant, and the matter in controversy between the parties is in excess of $75,000, exclusive of interests and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## NO JOINDER REQUIRED

44. Unnamed, or Doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (Doe defendants need not join in removal).

---

[1] By estimating the amount Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

## NOTICE OF REMOVAL TO PLAINTIFF

45. In accordance with 28 U.S.C. §1446(d), Defendant will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Los Angeles. Further, in accordance with Federal Rule of Civil Procedure 7.1 and Central District of California Local Rule 7.1, respectively, Defendant concurrently files its Certification of Interested Parties and Disclosure Statement.

## PRAYER FOR REMOVAL

46. WHEREFORE, because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action. Accordingly, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court of the Central District of California.

DATED: April 2, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Johnnie A. James
Mazen I. Khatib

Attorneys for Defendant
U.S. RENAL CARE, INC.