Case 2:21-cv-02851-FLA-JC Document 1-1 Filed 04/02/21 Page 1 of 12 Page ID #:17
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Alarcon
Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2021 02:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk
21STCV08131

Jake D. Finkel, Esq. (SBN 293954)
Avraham Kalaf, Esq. (SBN 325249)
**LAW OFFICES OF JAKE D. FINKEL, APC**
3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010
**Mailing**: 8605 Santa Monica Blvd., PMB 63688
West Hollywood, California 90069-4109
Tel: (213) 787-7411
Fax: (323) 916-0521
Email: jake@lawfinkel.com
　　　　avi@lawfinkel.com

Attorneys for Plaintiff,
LUIZA YEGHIAZARYAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| LUIZA YEGHIAZARYAN,<br><br>　　Plaintiff,<br><br>vs.<br><br>U.S. RENAL CARE, INC.; and DOES 1 to 100, inclusive,<br><br>　　Defendants. | Case No.: 21STCV08131<br><br>**PLAINTIFF's COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **BREACH OF EXPRESS ORAL CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**<br><br>(2) **BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**<br><br>(3) **NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**<br><br>(4) **WHISTLEBLOWER RETALIATION (LABOR CODE □1102.5)**<br><br>(5) **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**<br><br>(6) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff, LUIZA YEGHIAZARYAN, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, LUIZA YEGHIAZARYAN ("Plaintiff" or "Mrs. Yeghiazaryan"), whose employment with defendant, U.S. RENAL CARE, INC., ("Defendant" or "U.S. RENAL"), was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff, Ms. Yeghiazaryan is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant US Renal is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 20430 Hawthorne Blvd, Torrance, CA 90503.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and be-lieves, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in tak-ing the actions mentioned below was acting within the course and scope of his or her auth-ority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter re-

ferred to, collectively and/or individually, as "defendants."

4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5. Defendant U.S. RENAL directly and indirectly employed Plaintiff, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, defendant U.S. RENAL compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:* Plaintiff Yeghiazaryan, a woman, began her employment with defendant U.S. Renal on or around September 16, 2019, as a Group Dialysis Facility Administrator. Plaintiff's duties included but were not limited to: overseeing staff's clinical performance, overseeing daily operations, hiring and terminating staff members and reaching financial targets for the company.

9. *Plaintiff's job performance:* Throughout her employment, Plaintiff performed consistently and met company expectations.

10. *Defendants' adverse employment actions and behavior:*

   a. In or around November of 2019, while working, Ms. Yeghiazaryan noticed unsafe conditions at her work facility. She became increasingly concerned for the wellbeing of her patients and staff and made the decision to speak with her immediate supervisor, Ryan Christian ("Mr. Christian"). She informed him of her many concerns with the facility's condition and her concern that nurses were working without proper licensing.

   b. In or around December of 2019, upon increasing concerns for deteriorating workplace conditions, Ms. Yeghiazaryan filed a formal complaint. This complaint detailed her concerns in regard to plumbing issues and open wiring at the US Renal facility.

   c. In or around January of 2020, Mr. Christian responded to Ms. Yeghiazaryan's complaints by stating that she was, *"a headache because of all her emails and complaints"* and further instructed Ms. Yeghiazaryan to *"not to email the issues because the emails were discoverable and open the company to liability"* or words to that effect. Ms. Yeghiazaryan was very disturbed by this comment as she felt that it was important to make her concerns known since they impacted the wellbeing of the staff and patients.

11. *Defendants' termination of plaintiff's employment:*

   a. On or around January 7, 2020, Ms. Yeghiazaryan was approached by Mr.

Christian and HR Director Sarah Temple ("Ms. Temple"). They informed Ms. Yeghiazaryan she was being terminated and handed her a document that outlined the reason for her termination as being due to a violation of standards of conduct. Ms. Yeghiazaryan feels that she was ultimately terminated in retaliation for having brought forth complaints regarding what she felt were unsafe work practices in an unsafe work environment.

12. As a result of the harassment, discrimination and retaliation and eventual wrongful termination of his employment, Plaintiff has suffered economic damages in the form of wage loss. Additionally, Plaintiff has suffered emotional distress because of Defendants' malicious conduct toward her.

13. *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

14. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

15. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

    a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of her age, disability, medical leave, national origin, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including

plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

  b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of her age, disability, medical leave, national origin, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

  c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive her of legal rights.

  16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

  17. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

//
//
//

# FIRST CAUSE OF ACTION

(Breach of Express Oral Contract Not to Terminate

Employment Without Good Cause)—Against Defendant

U.S. Renal Care, Inc. and Does 1 to 100, Inclusive)

18. The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19. Defendants, through their agents, entered an oral agreement not to terminate plaintiff's employment except for good cause. Plaintiff and defendants, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing his job in an exemplary manner.

20. Defendants and their managers and supervisors terminated plaintiff's employment due to the complaints she made out of concern for her patients.

21. As a proximate result of defendants' willful breach of the express oral contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

**SECOND CAUSE OF ACTION**

(Breach of Implied-in-Fact Contract Not to Terminate

Employment Without Good Cause (*Marketing West, Inc. v.

Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code

□1622)—Against Defendant U.S. Renal Care., and Does 1 to

100, Inclusive)

22. The allegations set forth in paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23. On the basis of oral assurances of continued employment given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants' actual practice of terminating employment only for cause, and the industry standard for the business defendants engaged in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment

1  could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate plaintiff's employment.

24. Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

25. As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

26. Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

### THIRD CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against Defendant U.S. Renal Care, Inc., and Does 1 to 100, Inclusive)

27. The allegations set forth in paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

29. Defendants breached these duties. As a result, defendants caused damages to plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer

damages, including losses of earnings and benefits, according to proof.

## FOURTH CAUSE OF ACTION

### (Whistleblower Retaliation (Labor Code □1102.5) Against Defendant U.S. Renal Care and Does 1 to 100, Inclusive)

30. The allegations set forth in paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for complaining of activity they believe to be illegal.

32. Plaintiff raised complaints of activities Plaintiff believed to be illegal while she worked for defendants. Plaintiff believed that it was illegal for Defendant to employee staff members without the proper documentation. She further believed that is illegal for Defendant to retaliate against her based on her complaints of activity she believed to be illegal and unsafe.

33. Defendants retaliated against him by discriminating against her, harassing her, and taking adverse employment actions, including employment termination, against her.

34. Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling plaintiff to punitive damages against defendant.

35. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

36. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

37. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Labor Code section 1102.5, plaintiff is entitled to recover reasonable

1 attorneys' fees and costs in an amount according to proof.

2     38. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants

## FIFTH CAUSE OF ACTION

**(Wrongful Termination of Employment in Violation of**

**Public Policy (Labor Code □1102.5; Against Defendant**

**U.S. Renal Care and Does 1 to 100, Inclusive)**

39. The allegations set forth in paragraphs 1 through 38 are re-alleged and incorporated herein by reference.

40. Defendants terminated plaintiff's employment in violation of various fundamental public policiés underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of his legitimate complaints regarding unsafe work conditions and unlicensed nurses. These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

41. As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

42. As a result of defendants' wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

43. Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

44. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

-10-
PLAINTIFF'S COMPLAINT FOR DAMAGES       EXHIBIT A - PAGE 13

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against Defendant U.S. Renal Care and Does 1 to 100, Inclusive)

45. The allegations set forth in paragraphs 1 through 44 are re-alleged and incorporated herein by reference.

46. Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

47. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of his livelihood while she was attempting to fulfill her job duties and provide safe conditions for her patients staff would devastate plaintiff and cause her extreme hardship.

48. As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

49. As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

50. Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling plaintiff to punitive damages.

//
//
//
//
//
//
//

## PRAYER

WHEREFORE, plaintiff, Ms. Yeghiazaryan, prays for judgment against defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Ms. Yeghiazaryan demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code □72055).

Dated: March 2, 2021     LAW OFFICES OF JAKE. D. FINKEL

By: _____
JAKE D. FINKEL, ESQ.

AVRAHAM KALAF, ESQ.

Attorneys for Plaintiff,
Luiza Yeghiazaryan